**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,
vs.

AMFOODS FLORIDA, LLC
d/b/a Kentucky Fried Chicken at 2375 SW 8 Street, and
DEE DEE JEAN MCGOVERN

         Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Amfoods Florida, LLC a/k/a Kentucky Fried Chicken doing business as Kentucky Fried Chicken at 2375 SW 8 Street and Defendant Dee Dee Jean McGovern for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Amfoods Florida, LLC (also referenced as "Defendant Amfoods," "operator," lessee" or "co-Defendant") is a Florida limited liability company and a franchise operator of the Kentucky Fried Chicken fast food restaurant located at 2375 SW 8 Street, Miami, Florida 33135, which is the subject of this action.

6. Defendant Dee Dee Jean McGovern (also referenced as "Defendant McGovern," "lessor," "owner," or "co-Defendant") is the owner of Folio 01-4103-065-0030, which represents real property located at 2375 SW 8 Street, Miami Florida 33135 (referenced throughout as "2375 SW 8 Street"). Defendant McGovern's real property is commercial property built-out as a fast-food restaurant.

## FACTS

7. Defendant McGovern leases its 2375 SW 8 Street real property to co-Defendant Amfoods (the lessee). The lessee in turn operates a combination of a Taco Bell franchise and a Kentucky Fried Chicken franchise restaurant within that leased space.

8. At all times material hereto, Defendant Amfoods has been leasing commercial space within Defendant McGovern's real property and has been utilizing that

commercial space for the operation of its combination franchised Taco Bell and Kentucky Fried Chicken restaurants.

9. Defendant Amfoods' franchised Kentucky Fried Chicken restaurant serves food and drinks and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The Kentucky Fried Chicken restaurant which is the subject to this action is also referred to as "KFC (restaurant)," "Kentucky Fried Chicken at 2375 SW 8 Street," "restaurant," or "place of public accommodation."

10. Kentucky Fried Chicken brand restaurants represent the world's second-largest restaurant chain, second only to McDonalds restaurants. There are over 22,621 locations in 150 countries. The Kentucky Fried Chicken brand has been franchised since 1952 and at this time Kentucky Fried Chicken restaurants are franchised or owned by Kentucky Fried Chicken company, which in turn is owned by YUM! Brands, Inc. which is a publicly traded NASDAQ company.

11. As the franchisee operator of a Kentucky Fried Chicken fast food restaurant open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

12. As the owner of real estate which is built out as a fast-food restaurant open to the general public, Defendant McGovern is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

13. Due to the close proximity of the KFC restaurant at 2375 SW 8 Street to Plaintiff's home, on May 10, 2021 Plaintiff went to the restaurant with the intent of purchasing a chicken meal.

14. While Plaintiff was at the KFC restaurant, he had occasion to use the restroom and while using the facilities, he encountered multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

15. While Plaintiff had purchased a meal at the KFC restaurant, Plaintiff left feeling excluded, humiliated and dejected.

16. Plaintiff has been denied full and equal access by the operator/lessee of the KFC restaurant (Defendant Amfoods) and by the owner/lessor of the commercial property which houses the restaurant (Defendant McGovern).

17. On information and belief, as a franchise operator of a KFC restaurant, Defendant Amfoods is well aware of the need to provide equal access to individuals with disabilities. Defendant Amfoods' failure to reasonably accommodate individuals with disabilities at its franchised KFC restaurant is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

18. On information and belief, as an investor in commercial property, Defendant McGovern is aware of the ADA and the need to provide for equal access within its 2375 SW 8 Street commercial property. Therefore, Defendant McGovern's failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

19. Based on the above delineated access impediments, Plaintiff has been denied full and equal access by the operator/lessee of that restaurant (Defendant Amfoods) and by

the owner/lessor of the commercial property which houses the restaurant (Defendant McGovern).

20. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

21. Plaintiff is and has been a customer of Kentucky Fried Chicken restaurants and continues to desire to return to the Kentucky Fried Chicken restaurant 2375 at SW 8 Street to purchase food, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the barriers to access which are in violation of the ADA.

22. Any and all requisite notice has been provided.

23. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

24. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

25. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

26. Prior to the filing of this lawsuit, Plaintiff personally visited Defendant Amfoods' franchised Kentucky Fried Chicken restaurant at 2375 SW 8 Street in order to purchase a meal. However, Plaintiff was denied adequate accommodation because (as a disabled individual who utilizes a wheelchair for mobility) he met barriers to access when utilizing the restroom. Therefore, Plaintiff has suffered an injury in fact.

27. Defendant Amfoods (operator of the Kentucky Fried Chicken restaurant at 2375 SW 8 Street) and Defendant McGovern (owner of the commercial property housing the KFC restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the KFC restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

28. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the subject Kentucky Fried Chicken restaurant at 2375 SW 8 Street.

29. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

30. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

31. The commercial space which is owned by Defendant McGovern houses the subject KFC restaurant which is operated by Defendant Amfoods. This commercial space is in violation of 42 U.S.C. §12181 *et. seq.*, the ADA and 28 C.F.R. §36.302 *et. seq.*, and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Amfoods (lessee/operator) and Defendant McGovern (owner/lessor of the property) (jointly and severally), there are permanently designated interior spaces without proper signage. Specifically, the men's accessible restroom sign is mounted on the hinge side of the door. This is a violation of Sections 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

ii. As to Defendant Amfoods (lessee/operator) and Defendant McGovern (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door, as the amount of force required to open the door requires excessive weight/force to open. This is in violation of Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards for Accessible Design. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. Section 404.2.7

states that operable parts on doors and gates must comply with 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum for interior doors (such as restroom doors).

iii. As to Defendant Amfoods (lessee/operator) and Defendant McGovern (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to an encroaching item (which was the trash can). The violation is that the trash can is encroaching over the accessible water closet clear floor space, in violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

iv. As to Defendant Amfoods (lessee/operator) and Defendant McGovern (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not mounted at the required location from the rear wall. This is a violation of 28 C.F.R. Part 36, and Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 of the 2010 ADA Standards for Accessible Design.

v. As to Defendant Amfoods (lessee/operator) and Defendant McGovern (owner/lessor of the property) (jointly and severally), failure to fully wrap and maintain the lavatory pipes and water supply lines in the lavatory inside the bathroom toilet compartment such that Plaintiff was exposed to a cutting/burning hazard, which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design.

32. More access barrier violations may be present, which will be determined and proven through the discovery process.

33. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the KFC restaurant commercial space located at 2375 SW 8 Street accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

34. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property lessor Defendant Dee Dee Jean McGovern and Defendant Amfoods Florida, LLC (the lessee and operator of the subject Kentucky Fried Chicken restaurant) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Kentucky Fried Chicken restaurant at 2375 SW 8 Street such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e)	The Court award any and all other relief that may be necessary and appropriate.

Dated this 28th day of June 2021.

Respectfully submitted,

<u>/s/ J. Courtney Cunningham</u>
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*
